**WO**                                                                                                          LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Anthony Pierog, | ) | No. CV 05-2623-PCT-MHM (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Officer Foster, | ) | |
| Defendant. | ) | |

Plaintiff, currently confined in the Arizona State Prison Complex – Phoenix West, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $150.00 for this action. An initial partial filing fee of $65.63 (based on an average monthly balance of $328.16) will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the

1  Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing
2  fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
4  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
5  release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
6  his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
7  he is unable to pay the remainder of the filing fee.

8  **B.    Statutory Screening of Prisoner Complaints.**

9  The Court is required to screen complaints brought by prisoners seeking relief against
10 a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
11 § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
13 may be granted, or that seek monetary relief from a defendant who is immune from such
14 relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured
15 by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the
16 complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th
17 Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can
18 possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court
19 therefore should grant leave to amend if the pleading could be cured by the allegation of
20 other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.  The
21 Court should not, however, advise the litigant how to cure the defects.  This type of advice
22 "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 124
23 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether
24 court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed
25 for failure to state a claim, *without* leave to amend because the complaint cannot possibly be
26 saved by amendment.

27
28

1   **C.    Complaint.**

2       Plaintiff's action concerns the theft and damage of personal property from his
3   impounded vehicle. Plaintiff is currently incarcerated at the Arizona State Prison Complex
4   – Phoenix West, which is a facility for male offenders convicted of felony driving under the
5   influence of intoxicating liquor or drugs. Presumably, Plaintiff's vehicle was impounded
6   pursuant to his arrest for felony DUI. Plaintiff sues Mohave County Sheriff's Deputy Officer
7   Foster.

8       Plaintiff alleges that he was living in his vehicle before it was impounded by Officer
9   Foster on August 11, 2003, and towed to an impound yard. The vehicle contained Plaintiff's
10  wallets, small amounts of cash, five credit cards and other personal identification, personal
11  property worth thousands of dollars, books and other documents. When the vehicle was
12  reclaimed, the wallets, cash, credit cards, identification and personal property were missing.
13  The books and other documents, which were on the front seat of the car, had been damaged
14  by rain because a window had been left open.

15      In Count I, Plaintiff contends that his Fourth Amendment rights were violated when
16  his cash, credit cards, identification, and other personal property were stolen from the vehicle
17  after it was impounded. In Count II, Plaintiff asserts that his due process rights were
18  abridged for the same reasons as Count I. In Count III, Plaintiff contends that his Ninth
19  Amendment rights were violated for the same reasons as Count I and II, as well as when the
20  books and documents were damaged by rain. For relief, Plaintiff requests compensatory and
21  punitive damages exceeding $100,000.

22  **D.    Failure to State a Claim.**

23      *1. Count I – Fourth Amendment*

24      The Fourth Amendment protects the "right of people to be secure in their persons,
25  houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST.
26  amend. IV. A seizure of property occurs when there is some meaningful interference with
27  an individual's possessory interests in that property. Soldal v. Cook County, Ill., 506 U.S.
28  56, 61 (1992) (citation and quotation omitted). A search occurs when an expectation of

- 3 -

privacy that society is prepared to consider reasonable is infringed. United States v. Jacobsen, 466 U.S. 109, 113 (1984).

The impoundment of Plaintiff's vehicle undoubtedly was a "seizure" and any inventory of its contents, if an inventory was made, was a "search." Plaintiff, however, does not challenge the reasonableness of the impoundment or inventory, if one was made. See, e.g., Colorado v. Bertine, 479 U.S. 367, 373 (1987) (reasonable police regulations relating to inventory procedures of impounded vehicle administered in good faith satisfy the Fourth Amendment); United States v. Penn, 233 F.3d 111 (9th Cir. 2000) (no Fourth Amendment obligation to offer driver an opportunity to avoid impoundment). Instead, Plaintiff challenges the ensuing damage and theft of the contents of the seized vehicle as violative of the Fourth Amendment.

Plaintiff does not allege that Defendant Foster intentionally stole or damaged the property himself; rather, the loss occurred at the hands of an unknown third party or due to unanticipated effects of nature while the vehicle was in the custody of the impoundment yard. In essence, Plaintiff's claim is that Foster negligently failed to ensure the safekeeping of the contents of the seized vehicle. Assuming that Fourth Amendment protections would extend to the safekeeping of seized property, an allegation that the property was negligently kept does not state a claim. "The Fourth Amendment's "reasonableness" standard is not the same as the standard of "reasonable care" under tort law, and negligent acts do not incur constitutional liability." Billington v. Smith, 292 F.3d 1177, 1190 (9th Cir. 2002). Injuries to life, liberty, or property that are inflicted by governmental negligence are not addressed by the United States Constitution. Daniels v. Williams, 474 U.S. 327, 333 (1986). Accordingly, Plaintiff's claim that Defendant Foster negligently failed to ensure the safekeeping of seized property fails to state a claim under the Fourth Amendment.

*2. Count II – Due Process*

Plaintiff contends that his due process rights were violated because the property in his vehicle was stolen and damaged while in the custody of the impound yard. Arizona law provides for due process in the impoundment process, including notice and a poststorage

hearing. See ARIZ. REV. STAT. § 28-3511(F); § 28-3514. Plaintiff, however, does not challenge Arizona's procedures regarding impoundment. Instead, he asserts that he was entitled to due process before Defendant Foster negligently permitted the personal property in Plaintiff's vehicle to be stolen or damaged. This allegation fails to state a claim.

In Parratt v. Taylor, 451 U.S. 527, 541 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, as long as the state makes available a meaningful postdeprivation remedy. The rationale underlying Parratt was that predeprivation procedures are impractical when the deprivation of property occurs through random and unauthorized conduct of a state employee, because the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). This logic was extended to intentional deprivations of property. Id. The availability of a common-law tort suit against the state employee constitutes an adequate postdeprivation remedy. Id. at 534-35.

The Seventh Circuit, in Gable v. City of Chicago, 296 F.3d 531, 540 (7th Cir. 2002), applied the holdings of Parratt and Hudson to a claim that is virtually identical to Plaintiff's. In Gable, a class of plaintiffs brought a lawsuit claiming that damage to their impounded vehicles violated due process. Under Illinois law, an action of bailment for damages to the vehicle could be brought against city, as well as an action in replevin to recover the vehicle. Gable, 296 F.3d at 540. The Seventh Circuit therefore held that the plaintiffs were not deprived of procedural due process. Id.

Similarly, Plaintiff could bring a state court action of bailment to recover for the stolen and damaged property in his vehicle. See, e.g., Allright Phoenix Parking, Inc. v. Shabala, 429 P.2d 513 (Ariz. Ct. App. 1967) (action of bailment to recover value of property stolen from plaintiff's automobile while in defendant's parking lot); see also Hughes v. City of Phoenix, 170 P.2d 297 (Ariz. 1946) (action in replevin to recover impounded vehicle); Fields v. Steward, 515 P.2d 57 (Ariz. Ct. App. 1973) (action in replevin to recover automobile or damages from garageman). Because Plaintiff has an adequate postdeprivation remedy in the state courts, his due process claim fails.

*3. Count III – Ninth Amendment*

Plaintiff alleges that his Ninth Amendment rights were violated by the theft and destruction of his personal property. The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." Strandberg v. City of Helena, 791 F.2d 744, 748-49 (9th Cir. 1986); see also San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996) (collecting authorities rejecting the Ninth Amendment as independently securing constitutional rights). Instead, a civil rights claim must be based on a specific constitutional guarantee. Strandberg, 791 F.2d at 749 (collecting United States Supreme Court authorities). In light of these authorities, Plaintiff's Ninth Amendment claim cannot possibly warrant relief

*4. Negligence*

Although Plaintiff has not expressly asserted a claim of negligence, the gist of his action is nothing other than negligence. As described in the foregoing, a negligence action is a state law claim that does not rise to the constitutional level. In addition, without a cognizable constitutional claim over which the Court has original jurisdictions, the Court cannot assert supplemental jurisdiction over a negligence claim. See Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice). Consequently, the Court cannot consider Plaintiff's negligence claim, which is properly brought in state court.

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $65.63. All fees shall be collected and paid

- 6 -

1  in accordance with this Court's Order to the appropriate government agency filed
2  concurrently herewith.
3     (3) The Complaint and this action are dismissed for failure to state a claim pursuant
4  to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly.
5     (4) The Clerk of Court shall make an entry on the docket in this matter indicating that
6  the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).
7     DATED this 15th day of December, 2005.

_____
Mary H. Murguia
United States District Judge